UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CORNELIO MENDOZA-ESQUEDA,

        Petitioner,                                        Crim. 02-482-01-HA
                                                        Civil 05-472-HA

   v.                                                         ORDER

UNITED STATES OF AMERICA,

        Respondent.
_____

HAGGERTY, Chief Judge:

       Petitioner filed a *pro se* petition for a writ of habeas corpus on April 5, 2005 (Doc. #1) pursuant to 28 U.S.C. § 2255. Petitioner alleges that his former attorney provided ineffective assistance of legal counsel by not filing a notice of appeal. For the following reasons, petitioner's petition is denied.

1 - ORDER

**FACTUAL AND PROCEDURAL BACKGROUND**

On September 3, 2003, petitioner pled guilty to a single count of possession and distribution of heroin. As part of the plea agreement, petitioner waived his right to appeal the conviction or "any sentence lawfully imposed within the guidelines." He also admitted that he was responsible for possession and distribution of heroin in an amount sufficient to the guideline Base Offense Level of 32.

As part of the plea agreement, the government agreed to refrain from filing a sentencing enhancement under 21 U.S.C. § 851, to dismiss all other charges, and to recommend a three-level downward adjustment for acceptance of responsibility and a sentence in the lower end of the range. The presentence report reflected defendant's argument for a Base Offense Level of 32, a Criminal History category of II, and a three-level downward adjustment, resulting in a sentencing range of ninety-seven to 121 months, prior to any departures. The Probation Office recommended a Criminal History category III, which resulted in a sentencing range of 108 to 135 months.

At the sentencing hearing, petitioner argued he should be held responsible for a lesser amount of heroin and that the Criminal History category of III was in excess of his prior criminal history. The court found that he was not responsible for controlled substances distributed prior to his joining the conspiracy, and reduced his Base Offense Level to 30. The court also found petitioner to be at a Criminal History category of II. The resulting adjusted Guideline range was seventy-eight to ninety-seven months. The court sentenced petitioner to seventy-eight months.

The court reminded petitioner at the sentencing hearing that he had waived his rights to appeal, and stated "I do not believe you have any such rights." Transcript of Sentencing Proceedings at 42.

**ANALYSIS**

Petitioner argues that his attorney provided ineffective assistance by failing to file a notice of appeal. Petitioner contends that the drug quantity he admitted to possessing and distributing in his plea agreement was greater than the amount for which he was actually responsible, and thus warranted an appeal.

To prevail on a claim of ineffective assistance of counsel, a petitioner must prove both incompetence of counsel and prejudice to petitioner's case. The petitioner bears the burden of showing that counsel's performance was unreasonable in light of the prevailing professional norms and that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The reasonableness of counsel's performance is judged on the facts of the particular case as they were known at the time of counsel's conduct. *Bell v. Cone*, 535 U.S. 685, 698 (2002). The standard of review is highly deferential and there is a strong presumption that counsel rendered adequate assistance that fell within the wide range of reasonable professional judgment. *United States v. Palomba*, 31 F.3d 1456, 1460 (9th Cir. 1994) (citing *Strickland*, 466 U.S. at 690).

The failure of an attorney to follow a client's request to file an appeal can be professionally unreasonable behavior. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000)("We

have long held that lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable."). When the attorney and defendant consult regarding the possibility of an appeal, an attorney "performs in a professionally unreasonable manner only by failing to follow defendant's express instructions with respect to an appeal." *Id.* at 478.

In this case, there is conflicting recollection as to whether there were any specific instructions regarding the filing of an appeal. Petitioner alleges that he requested his attorney to file a notice of appeal. Petitioner offers no evidence supporting this, other than his unsworn statement in the current motion. Counsel filed a sworn statement declaring he does not recall any request for the filing of an appeal.

Assuming, for the sake of argument, that petitioner did ask for an appeal and counsel failed to follow the specific instructions of his client, that behavior would not meet the requirement of prejudice in the *Strickland* two-part test. To show prejudice for failure to file an appeal, a "defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Flores-Ortega*, 528 U.S. at 484.

Petitioner has offered no evidence demonstrating that he would have filed an appeal. He received a sentence that was significantly lower than what was anticipated under the plea agreement. The court stated that petitioner had waived his right to appeal and did not have any such rights, and then immediately asked petitioner if he had any questions. Petitioner's only response was to request a recommendation for incarceration at Lompoc.

**CONCLUSION**

For the foregoing reasons, petitioner's petition (Doc. #1) is DENIED.

IT IS SO ORDERED.

DATED this _22___ day of November, 2005.

                                         __/s/Ancer L.Haggerty_____
                                                 Ancer L. Haggerty
                                          United States District Judge